## No. 12,368.

### THE PEOPLE *v*. MOONEY.

(290 Pac. 271)

Decided June 23, 1930.

Mr. J. ARTHUR PHELPS, Mr. H. H. BROOKS, Mr. ROY A. PAYTON, for the people.

Mr. SPERRY S. PACKARD, Mr. EMMETT THURMON, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

IN an information filed in the district court, the defendant, D. J. Mooney, was charged with a violation of section 3740, C. L. 1921, and, upon arraignment, plead not guilty. It was stipulated that the case might be tried to the court upon an agreed statement of facts, and without the intervention of a jury.

Upon the trial, the defendant moved that the case be dismissed, and he be discharged, because, among other reasons, the statute under which the information was filed, and with the violation of which he was charged, was uncertain, ambiguous and indefinite, and did not "constitute a statement of a misdemeanor." The motion was granted and defendant discharged. The district attorney excepted to the ruling upon the motion, and to the judgment of the court, and assigns error thereon.

Prior to 1868, the Council and House of Representatives of Colorado Territory had enacted statutes regulating certain businesses and occupations, fixing licenses therefor, and providing penalties for the violation of its provisions. At the legislative session in 1868, all former acts regulating businesses and occupations and fixing the licenses therefor were expressly repealed (R. S. Colo. 1868, pp. 686, 688), and in lieu thereof, a new statute was enacted, in all material respects identical with the former statutes. R. S. Colo. 1868, p. 424, c. LIII. So far as the statute now under consideration is concerned, it has remained unchanged since 1868, and as section 3740, C. L. 1921, reads as follows: "This chapter shall extend to

and include all theatres, circuses and shows, where an admission fee is charged for entrance thereto. No person shall be allowed by virtue of any such license to open any place of public amusement, such as a theatre, circus or show, on the Sabbath or Lord's day; but any person who shall so offend on such day shall be fined in a sum not less than fifty nor more than one hundred dollars, for every such offense.''

The following from a lengthy agreed statement of facts appears: (a) The information charges a violation of section 3740, C. L. 1921, which is quoted, supra; (b) that January 6, 1929, the date charged in the information, was the Sabbath or Lord's day upon which day the defendant, being owner and operator of the Princess Theatre in Ordway, Colorado, opened and operated it as a theatre, and charged admission thereto; (c) that no license for theatres had been fixed by the board of county commissioners of Crowley county prior to January 6, 1929, and that the defendant has paid none.

Upon the agreed statement of facts, it is obvious that if the statute regulating theatres, circuses, and shows is valid, it prohibits their operation on the Sabbath or Lord's day, and this having been done by the defendant, he is guilty, and the trial court erred in its ruling upon the motion, and judgment thereon, otherwise its ruling and judgment are correct.

We shall assume, for the purpose of this case, that theatres, circuses and shows are proper subjects of legislative regulation. The reasoning and conclusion in *McClelland v. Denver,* 36 Colo. 486, 488, 86 Pac. 126, 10 Ann. Cas. 1014, although with reference to a city ordinance, is particularly applicable, and the dictum therein with reference to a statute similar to the city ordinance under consideration therein is sound in principle and reason; however, the question for determination in the instant case is not what the legislature might do, but what it actually did, and to ascertain this we are confined to an

interpretation and construction of the statute itself as enacted by the legislature.

Historically, the first statute with reference to licenses was enacted by the Council and House of Representatives of Colorado Territory at its first session in 1861, and in 1862 the exact statute under consideration herein first became a law.

In the 68 years this statute has been in effect in our state, no case involving the construction of this section has been before this or other appellate courts; also, we take judicial notice of the fact that many municipalities have considered it necessary to prohibit theatrical performances and moving picture shows on the Sabbath or Lord's day by the adoption of ordinances which would be wholly unnecessary if the statute prohibits, as the district attorney contends. During the 68-year period in which this statute has been on our books, we have had many earnest and competent district attorneys and many conscientious district judges whose failure to enforce obedience to these provisions can be explained only upon the theory that in their opinion it was wholly ineffectual for any purpose. These circumstances denote that law-enforcing officers for many years have considered the statute as ineffective and wholly insufficient to constitute the violation thereof a crime. We have said: ''The practical construction given to a statute by the public officers of the state, charged with the performance of public duties in connection therewith, is always entitled to consideration, in case of doubt.'' *In re State Lands,* 18 Colo. 359, 367, 32 Pac. 986; *Hessick v. Moynihan,* 83 Colo. 43, 57, 262 Pac. 907.

In a recent case the Supreme Court of the United States, speaking through Justice Sutherland, said: ''If aid were needed to support this view of the matter, it would be found in the fact, conceded by the government's brief, that during the entire life of the National Prohibition Act, a period of ten years, the executive departments charged with the administration and enforcement

of the act have uniformly construed it as not including the purchaser in a case like the present; no prosecution until the present one has ever been undertaken upon a different theory; and Congress, of course well aware of this construction and practice, has significantly left the law in its original form.'' *United States v. Farrar* (U. S. May 26, 1930), 50 Sup. Ct. 425.

■ ■ It is also significant that in its original enactment the statute is found in a chapter concerning licenses, and never has appeared in the chapters concerning crimes although if the district attorney's position is well founded, the statute is penal. Penal statutes are intended to regulate and control the conduct of all individuals, and therefore it is essential that they should be expressed in definite and explicit language so that all persons might readily comprehend and fully understand the specific act the statute undertakes to prohibit. It is axiomatic that all doubts be resolved against a penal statute, and in favor of the defendant; that courts will not depart from the plain meaning of words in search of a legislative intention the words themselves do not plainly and definitely express, and that penal statutes cannot be extended either by implication or construction.

■ ■ The legislature, within certain constitutional limitations, declares what acts or omissions constitute crimes, and it therefore owes the public a duty of making clear those acts for the commission or omission of which persons may forfeit their liberty or property, and this reason, among others, makes it the duty of courts, in construing penal statutes, in addition to all other rules of construction, to apply a rule of strict construction, in order to safeguard the individual rights of all. When legislatures use doubtful language, in expressing their intent, it is the duty of the courts in construing their meaning to strongly resolve all doubts against the statute.

It should be observed, in reading and construing the statute, that no direct prohibition is contained which specifically forbids the opening of theatres, circuses and

shows on the Sabbath or Lord's day, but the provision is, that "no one shall be allowed by virtue of any such license," so to do. Nothing which the defendant did was by virtue of any license whatever, because the agreed statement of facts is that the defendant did not possess a license under the provisions of this act, and the board of county commissioners, assuming it had the power to do so, had never fixed a fee for any license such as the defendant might need in his business. Therefore, unless the last portion of section 3740, C. L. 1921, is a direct prohibition against the opening of theatres, circuses and shows on the Sabbath or Lord's day, either with or without a license, that portion of the statute is ineffectual for any purpose, and the defendant is not guilty of an offense under the information.

We would be violating one of the well recognized rules of construction if we held that the statute applies to those who fail to procure a license as well as to licensees, because the language used in the statute itself is applicable to those only who procure licenses, and those who violate other provisions of the statute by failing to procure a license might open their theatres on the Sabbath or Lord's day, without fear of punishment. This leads to a ridiculous and absurd conclusion, amounting to punishment for one who honestly endeavors to comply strictly with every provision of the statute, and a reward to the one who violates it.

█ █ Before the defendant can be adjudged guilty, it is incumbent upon the people to specify some particular act committed in violation of a public law, either forbidding or commanding it. The statute under consideration does not forbid the opening of a theatre on the Sabbath or Lord's day, and the defendant has not violated any express provision of the statute. We are unable to determine exactly what the legislative intent was in passing the section of the statute, with a violation of which this defendant is charged. The statute under consideration is indefinite, uncertain and ambiguous; the trial

court correctly ruled upon the defendant's motion, and the judgment is right.

Judgment affirmed.