No. 13,502.

## SMALLEY *v.* THE PEOPLE.
(43 P. [2d] 385)

Decided March 18, 1935.   Rehearing denied April 15, 1935.

Mr. HARVEY RIDDELL, Mr. PAUL DE LANEY, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. CHARLES H. QUEARY, Assistant, Mr. WALTER F. SCHERER, Assistant, for the people.

*En Banc.*

362

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as defendant. On a plea of guilty of aggravated robbery he was sentenced, September 20, 1933, to the penitentiary for a term of from four to twenty years. Thereafter, on a second information, filed in the same cause under our habitual criminal act, charging the aforesaid conviction and another in the district court of Boulder county March 9, 1929, for aggravated robbery, he waived a jury, was tried to the court, found guilty, and, December 22, 1933, sentenced to the penitentiary for a term of ten to sixty years. It is undisputed that prior to the conviction of September 20, 1933, the district attorney and the judge were fully apprised of that of March 9, 1929. To review this last judgment defendant prosecutes this writ.

For several weeks following his sentence of September 20, 1933, defendant was in the penitentiary thereunder. From thence he was returned to Denver for his trial on the habitual criminal charge. To. that information he filed a plea in abatement, a motion to quash and a demurrer, and to his conviction thereon a motion for a new trial. The overruling of each is assigned as error, and numerous questions presented by them, and now argued, are doubtfully covered by the assignments. Most of these require no examination here since, in our opinion, a single prejudicial error, properly presented by the record, demands reversal.

■ The act in question is chapter 85, page 309, Session Laws 1929. Section 1 thereof enumerates certain felonies and provides that one convicted thereof a second time "shall be sentenced to imprisonment for a term of not less than one-third the longest term, nor more than twice the longest term, prescribed upon a first conviction." This certainly contemplates a single sentence for a second conviction, not one sentence for the crime charged and another for being an habitual criminal. All this proceeds upon the theory that at the time of the filing

of the information for the second offense the district attorney knows of, and therein charges, the former conviction, or that he learns of it before trial and amends his information accordingly. If the former conviction be not charged, but may be established by evidence, defendant would plead at his peril and might be confronted with a penalty undreamed of.

It sometimes happens, however, that the former conviction is unknown to the district attorney until after the second, or even until after sentence thereon. Such a contingency is covered by section 4 of the act, which provides: "If at any time after conviction and either before or after sentence it shall appear that a person convicted of a felony has previously been convicted * * * it shall be the duty of the district attorney * * * to file an information in such cause accusing the said person of such previous conviction." The same section then prescribes the method of arraignment, trial and sentence in such case, and makes it the duty of certain officers upon learning that persons "charged with or convicted of a felony" are second offenders to so advise the district attorney. The quoted portion of this section thus clearly applies only to second offenders whose first conviction was unknown to the district attorney at the time of the second. ██ There is nothing in the act to indicate a legislative intent to permit the state to ignore a first known conviction, gamble on the sentence, and if disappointed or aggrieved at the trial judge's exercise of discretion file a new charge and force additional punishment. To so construe it would result in transferring from the trial judge to the district attorney all statutory discretion as to the term of imprisonment where there had been a former conviction. If, before trial, the district attorney knows of such, and has any discretion in the matter, he must charge or waive. He cannot charge after conviction on facts fully known to him before. Assuming, but not deciding, the validity of the act in all its details, it contains no authority to proceed otherwise. Establishing,

as it does, additional and drastic punishment under a given state of facts, it must be strictly construed. *People v. Mooney*, 87 Colo. 567, 290 Pac. 271. 16 C. J., p. 1339, §3150. The sentence of September 20, 1933, is still in all respects valid and effective. That of December 22, 1933, is null and void.

The judgment is accordingly reversed.