No. 14,692.

### FAILING *v.* THE PEOPLE.
(98 P. [2d] 865)

Decided January 22, 1940.

Mr. FOSTER CLINE, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. GERALD E. McAULIFFE, Assistant, for the people.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

PLAINTIFF in error, to whom we hereinafter refer as defendant, was charged with and convicted of needlessly killing two dogs, in violation of section 404, chapter 48, '35 C. S. A., the pertinent parts of which are as follows: "Every person who * * * needlessly * * * kills * * * any animal * * * shall, upon conviction, be punished * * *." Defendant assigns error and asserts that under the agreed statement of facts he did not commit any crime. His defense is based upon section 40, chapter 160, '35 C. S. A., the language applicable to the instant case reading as follows: "Any dog found running, worrying or injuring sheep or cattle may be killed * * *."

We quote the portions of the stipulated facts necessary to our consideration, as follows: "That immediately prior to the shooting, he [defendant] saw a pack of dogs running a small bunch of cattle along a ridge of rocks across the river, the cattle and dogs being on land claimed by the defendant. * * * that he went to his nearby house, obtained his rifle, and then saw but two dogs and two or three head of cattle. The defendant presumed that the two or three cattle were a part of the bunch of cattle and the two dogs were a part of the pack of dogs mentioned above. At this time, according to the defendant and one witness for the People, the dogs were barking at the cattle ten or fifteen feet away. From the time defendant first saw the bunch of cattle and pack of dogs until the time of the shooting, was about five minutes. * * * The cattle were found facing the dogs with heads down. None of the defendant's testimony on the points set forth above was disputed. The defendant then shot and killed the dogs. Neither the cattle nor the dogs belonged to the defendant, and

the cattle had not been injured by the dogs." Defendant contends that the killing of the dogs, under the circumstances, was lawful and authorized under section 40, supra.

█ Sections 40 and 404, supra, stem in an unbroken continuity from legislation enacted prior to statehood. In 1864 the territorial legislature made it "lawful for any person, at any time, to kill any dog which may be found running, worrying, or injuring sheep." S. L. '64, p. 133. In 1872 it was made unlawful to needlessly kill any living creature. S. L. '72, p. 124. In 1877 the law was changed to include permission to kill dogs when found running, worrying or injuring cattle. G. L., §2578. This is the law as it stands today. In 1889 section 404, supra, was enacted. S. L. '89, p. 113. It will be noted that said section 404 relates to needlessly killing "any animal." Section 40, supra, applies only to the killing of dogs. Undoubtedly, section 404, and preceding similar legislation, was enacted to prevent cruelty to animals. Section 40 was enacted to protect sheep and cattle against the running, worrying or injury by dogs.

█ No contention is made by either of the parties here that repeal or modification by subsequent enactments had any effect on the construction of the sections involved. The people contend that the needless killing of a dog is prohibited, even though such dog may be running or worrying cattle. The argument is that defendant could have used a stick or fired a warning shot and chased the dogs away, or could have notified the law-enforcement officers. No such limitations are found in section 40, nor could the court have found, under the agreed statement of facts, any wanton or malicious killing on the part of defendant. To wantonly or maliciously kill a dog is made an offense under section 355, chapter 48, '35 C. S. A. The authorization in section 40 to kill contains no limitations with respect to vicious dogs or any stipulation that an effort first be made to drive them away by warning shots or otherwise, or that they

may be killed only after damage is done to cattle. A fair construction of the law, it appears to us, is that that it was not the legislative intent that the prohibition in section 404 against needlessly killing animals should apply where the undisputed facts show authorization under section 40. Where a criminal statute admits of two constructions, "that which is more favorable to the defendant is to be preferred." *Brooks v. People,* 14 Colo. 413; 415, 24 Pac. 553. Under the agreed facts, is defendant within the protection of section 40? Immediately prior to the shooting he saw a pack of dogs "running" a small bunch of cattle on land claimed by him. He then went home and returned with a rifle. From the time he first saw this "running" of cattle by the dogs until he returned with his gun and shot the dogs was about five minutes. A killing under section 40, supra, is authorized only when the dogs are "found" running or worrying cattle. There is no contention here that there was any injury to the cattle. If nothing further had occurred, the killing would not have been authorized. When defendant returned with the gun, it is agreed the dogs were barking at the cattle, which were ten or fifteen feet away from them. The cattle, under these circumstances, were "found" facing the dogs, with heads down. Did this constitute "worrying" within the meaning of section 40? We think it did. The word as used in statutes similar to ours has been defined as follows: "To run after; to chase; to bark at." 8 Words and Phrases, First Series, page 7526. Here the fact that the dogs were barking at the cattle which stood facing them, with heads down, clearly brings the case within this definition. See, also, *Johnson v. McConnell,* 80 Cal. 545, 22 Pac. 219; *Marshall v. Blackshire,* 44 Ia. 475; *Campbell v. Brown,* 1 Grant's Cases (Pa.) 82; *Bass v. Nofsinger,* 222 Wis. 480, 269 N. W. 303, 304.

The entry of judgment of conviction of defendant for needlessly killing dogs, in violation of section 404, supra, under the agreed facts herein, was error.

The raising of livestock still being one of Colorado's important industries, section 40 perhaps is necessary for the protection of cattle, or perhaps dogs are now sufficiently domesticated so that their killing should be prohibited, under the circumstances. Opinions may very well differ on the matter. This, however, is not our concern. Ours is only to give proper effect to such legislation. *Waters v. People.* 23 Colo. 33, 36, 46 Pac. 112. With such legal sanction as is provided by section 40, a dog's life continues to be more hazardous in rural than in urban territory. Evidently the clash is between the economic and the aesthetic. We may sympathize with the aesthetic, but positive law must control.

The judgment is reversed and the case remanded, with directions to dismiss the complaint.