RALPH BUNN, PLAINTIFF-RESPONDENT, v. ALMA SHAW, DEFENDANT-APPELLANT.

Argued November 7, 1949—Decided December 5, 1949.

*Mr. Peter Hofstra* argued the cause for appellant and the intervenor, the New Jersey Farm Bureau; *Mr. Joseph V. Fumagalli,* on the brief.

*Mr. Frank J. Valgenti, Jr.,* argued the cause for respondent.

The opinion of the court was delivered by

OLIPHANT, J.    An action was instituted in the Morris County District Court for the value of plaintiff's fox hound which had been shot and killed by defendant's son, on her orders, while the dog was on her property.  The case was tried by the court without a jury and resulted in a judgment being rendered in favor of the plaintiff in the sum of $500.

That judgment of the District Court was entered on August 4, 1948, and an appeal taken to the former Supreme Court on August 24, 1948, before the effective date of the present Constitution.  An appeal was prosecuted to the Appellate Division of the Superior Court by virtue of *R. S.* 2:16–81,

where the judgment below was affirmed. The appeal from the Appellate Division is here under the provision contained in *R. S.* 2:16-82.

On September 26, 1946, defendant's thirty-three bred ewes and a ram were grazing on her farm which had been posted against hunting and trespassing. The sheep were within two weeks of lambing. Plaintiff, an employee of the State Fish and Game Commission, released his two fox hounds within a few hundred feet of defendant's lands. They picked up a cold fox scent and followed the trail into the pasture where the sheep were grazing. The dogs were barking and were heard by defendant's seventeen year old son. He notified his mother of their presence whereupon defendant told him to get his twenty-two caliber rifle and frighten the dogs away. Six shots were fired but the dogs continued to bark and run in the direction the sheep were going and were, in fact, within ten, twenty or thirty feet of some of them when defendant instructed her son to shoot them. One of the dogs was shot and killed, the other ran away. The evidence tended to show that the dog killed was deer and stock proof, but there is nothing to indicate the defendant or her son had knowledge of that fact.

The findings in the District Court were that the dog in question "was not in the act of chasing or worrying the defendant's sheep but that Cracker (the dog's name) was actually following the scent and track of a fox through the property of the defendant without regard for the presence of sheep or other animals," and that "Cracker had no intention to chase, worry or harm the defendant's sheep." The court found that the sheep were running away from the dogs, not that the dogs were chasing them.

The defendant, in the District Court relied upon the common law rule that one may kill a dog in defense of his property where circumstances justify a reasonable belief that such action is necessary to protect his property. This defense was rejected by the trial court because the dog was stock proof, it was not chasing or worrying the sheep, the defendant stated the dog had no right to be on her property, she did

not allow dogs on her property and the admitted inexperience of the defendant and her son concerning dogs, and based its verdict on the non-applicability of *R. S.* 4:19–9, which provided "a person may humanely destroy a dog in self defense, or which is found chasing, worrying, wounding or destroying any sheep, lambs, poultry or domestic animal," on his factual finding that it was established by the greater weight of the evidence that the dog in question was not actually in the act of chasing or worrying the sheep, but was actually in the act of following the scent and track of a fox.

"Worry" as used in statutes providing that one may destroy a dog worrying sheep means "to run after; to chase; to bark at." Such is the meaning given to the word by courts of cattle raising states such as Colorado and Wisconsin. *In re: Failing v. People,* 98 *P.* 2d 865 (Colo.) ; *Bass v. Nofsinger,* 269 *N. W.* 303 (Wis.) ; both cases citing 8 *Words and Phrases, 1st Series, p.* 7526 ; 45 *Words and Phrases (Perm. Ed.) p.* 541.

The Appellate Division, conceiving the issue to be not whether the defendant was absolved from blame by reason of *R. S.* 4:19–9 but whether or not the defendant had reasonable grounds to believe that shooting the dog was necessary to protect the sheep, made a new finding of fact under *Rule* 4:2–6 and affirmed the judgment below on the ground the defendant did not have reasonable ground for such belief. It came to the same conclusion factually and legally as the District Court, the former by applying the statute, the latter by adapting the common law doctrine. The Appellate Divison had no authority to make a new finding of fact. The rule under which it acted is not applicable to those cases wherein a judgment was entered previous to September 15, 1948, the effective date of the new Constitution. The case of *Lutz v. Ryno,* 1 *N. J.* 363, 365, lays down the rule, stated many times previously, that "Under the provisions of the District Court Act, *R. S.* 2:32–202, 204, on an appeal such as here taken, finding of facts on conflicting evidence will not be reviewed unless there was no legal evidence to support the verdict. Questions reviewable are limited to the deter-

mination or direction of such District Court in point of law or upon the admission or rejection of evidence." Whether under the common law doctrine or by the terms of the statute the findings of fact made in the District Court, supported by a plethora of evidence, precluded a verdict being rendered for the defendant.

The common law justified the act of defendant's son if there was reasonable belief that such a measure was necessary to protect defendant's sheep from injury. The statute merely broadens the common law, its enactment was intended not to restrict the common law rule but to enlarge it. It permits the shooting of a dog if it is found "chasing, worrying * * * sheep," it does not limit the right to kill given by the common law but enlarges and expands the right. It could have been found, as was done by the District Court, from the following evidence that there was neither ground for a reasonable belief on the part of the defendant that harm was about to come to her sheep nor that the dog was chasing and worrying them. Her son testified he thought the dog might have been on a fox track and nothing the dogs had done up to the time of the shooting led him to believe they were going to harm the sheep. The defendant made an admission the dog was shot because it was trespassing. To a witness she stated she did not see the dog "attack or in any way bother the sheep" and "he had no right on the property, we don't allow dogs on the property."

By permission of the Appellate Division the New Jersey Farm Bureau joined in the brief submitted on behalf of the defendant. It likewise did so here. The interest of that body in this case is readily understandable. According to the 1946 farm census of the United States Department of Agriculture there were then approximately 200,000 cattle and sheep on the farms of this State and nearly 17,000,000 chickens and turkeys, with a total value of more than $52,000,000.

Dogs do much damage to domestic farm stock and cause large monetary losses to farmers. On the other hand dogs of some breeds are valuable aids in the protection of cattle, sheep and poultry. The counties pay out considerable sums

in bounties for the killing of foxes and other animals which are a greater menace to stock than are dogs. There is continual friction between dog lovers and owners and stock farmers. Opinions may well differ as to the equities of a particular case and we may sympathize with the views of the respective parties, but they are not our concern. Courts are bound to give effect to the law deemed applicable to the ascertained facts of each case.

We hold the law to be that a landowner has no right to kill a dog which is merely trespassing but he may humanely destroy a dog under circumstances giving rise to a reasonable belief that the dog is chasing, worrying, wounding or destroying stock or domestic animals, his person, his property, or that of other persons. Applying that law to the facts as found by the trial court the judgment must be affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.