No. 22216.

Domingo Sandoval *v.* The People of the State of Colorado.

(426 P.2d 968)

Decided May 1, 1967.    Rehearing denied May 15, 1967.

Robert W. Caddes, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Aurel M. Kelly, Special Assistant, for defendant in error.

*In Department.*

Opinion by JOHN N. MABRY.*

PLAINTIFF in error will be hereafter referred to as Sandoval, or the defendant.

This is a companion case to *Alex Joseph Duran, Jr. v. People,* 162 Colo. 419, 427 P.2d 318. Both proceedings arose out of identical criminal charges, a joint trial, verdicts of guilty and simultaneous sentencing. One copy of the record on error serves both before this court. The dual set of briefs filed are complementary.

Except for one assignment of error by Sandoval both have generally alleged and argued identically or substantially the same grounds for reversal of the trial court, *i.e.,* in each case the particular errors charged are:

(a) Insufficient evidence to convict the defendant, and

(b) The defendant did not receive a fair and impartial trial.

In the Duran case, *supra,* we carefully examined and studied the six volume record and set out a rather extensive statement of facts, reviewed and stated the law and procedures applicable to such case, and affirmed the judgment of the trial court. We now hold that the *ratio decidendi* in *Duran, supra,* is adaptable to the case at bar, and we adopt the opinion therein as applicable in this case, except for one additional assignment raised by Sandoval, which we now consider.

Without reference to folio numbers in the record the defendant argues: That he was sentenced to the state reformatory in 1956 on a charge of burglary; that such conviction was not a felony when considered in relation to the Habitual Criminal Act; and that the trial court's ruling that such conviction did constitute a felony was prejudicial error.

*Retired district judge sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

We are unable to find in the record any reference to a *burglary* conviction of the defendant in 1956. The defendant did admit to a *robbery* conviction and sentence thereunder to the state reformatory in 1956; he was cross-examined on this conviction.

The defendant relies on the case of *Smalley v. People,* 134 Colo. 360, 304 P.2d 902, in which it was held that under C.R.S. '53, 39-10-1, a convicted defendant under twenty-one years of age at the time of sentence could not be sentenced to the state penitentiary. The controlling factors in *Smalley* were that because of the defendant's age and on account of the crime charged (burglary and larceny), the court below had no discretion with reference to confinement under the mandate set forth in C.R.S. '53, 39-10-1, consequently the sentence to the reformatory; and under those circumstances such reformatory sentence did not constitute a felony.

■ The *Smalley* case is not applicable to a previous *robbery* conviction. Under the provisions of C.R.S. '53, 40-5-1, enacted subsequent to C.R.S. '53, 39-10-1, a defendant under the age of twenty-one years at the time of sentence, who has been convicted of *robbery,* can, in the discretion of the trial court, be sentenced to either the penitentiary or to the reformatory. The provisions of C.R.S. '53, 40-5-1, "effectively removed the offense of robbery from the coverage of C.R.S. '53, 39-10-1. . . ." *Bartell v. People,* 137 Colo. 300, 324 P.2d 378; *Thompson v. People,* 136 Colo. 336, 316 P.2d 1043.

■ The trial court's ruling was correct and is within the purview of the above cited statutory authority and of the Habitual Criminal Act as well; it does not offend the provisions of Article XVIII, Section 4, of the Colorado Constitution.

■ We have carefully considered the other questions adverted to by counsel for the plaintiff in error but we do not think they constitute prejudicial error. From the entire record we find and hold that the defendant had

a fair and impartial trial. There were no reversible errors committed by the trial court.

The judgment is affirmed.

Mr. Chief Justice Moore, Mr. Justice McWilliams and Mr. Justice Kelley concur.