Jack W. FLETCHER, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted Sept. 18, 1979.

Decided Nov. 28, 1979.

Marsha Kramarck, Asst. Public Defender, Wilmington, for defendant below, appellant.

Peter N. Letang, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before DUFFY, McNEILLY and HORSEY, JJ.

McNEILLY, Justice:

On March 1, 1977, the defendant, Jack W. Fletcher, pled guilty to Robbery First Degree and Possession of a Deadly Weapon During the Commission of a Felony. The State introduced evidence that the defendant had two prior felony convictions in other jurisdictions and moved to have him sentenced as an habitual criminal under 11 Del.C. § 4214(b).[1]

1. 11 *Del.C.* § 4214(b) and (c) provide:

(b) Any person who has been 2 times convicted of a felony or an attempt to commit a felony hereinafter specifically named, under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony hereinafter specifically named, or an attempt to commit such specific felony, is declared to be an habitual criminal, and the court in which such third or subsequent conviction is had, in imposing sentence, shall impose a life sentence upon the person so convicted unless the subsequent felony conviction requires or allows and results in the imposition of capital punishment. Such sentence shall not be subject to the probation or parole provisions of Chapter 43 of this title.

Such felonies shall be:

| Section | Crime |
|---------|-------|
| 803 | Arson in the first degree |
| 826 | Burglary in the first degree |
| 825 | Burglary in the second degree |
| 636 | Murder in the first degree |

| Section | Crime |
|---------|-------|
| 635 | Murder in the second degree |
| 632 | Manslaughter |
| 783 | Kidnapping in the second degree |
| 783A | Kidnapping in the first degree |
| 613 | Assault in the first degree |
| 763 | Rape in the second degree |
| 764 | Rape in the first degree |
| 766 | Sodomy in the first degree |
| 832 | Robbery in the first degree |

(c) Any person who has been convicted for an offense which occurred within this State prior to July 1, 1973, of any of the hereinafter enumerated crimes shall be considered as having been convicted previously of the crimes specified in subsection (b) of this section for purposes of the operation of this section and § 4215 of this title. Any person convicted under the laws of another state, the United States or any territory of the United States of any felony the same as or equivalent to any of the above or hereinafter named felonies is an habit-

The defendant appeals his sentencing as an habitual criminal arguing, *inter alia*, that the State, to use a conviction from another jurisdiction for sentencing under § 4214(b), must prove that the offense would have been a felony under Delaware law, and that, at the time of one of the prior convictions relied on to sentence the defendant under § 4214(b), the defendant was a minor and would have been tried in the Family Court as a juvenile, unless found non-amenable to the process of that court. See, 10 *Del.C.* § 921. Because of our resolution of this issue, we find it unnecessary to reach the other issues raised by the defendant. For the reasons stated below, we reverse and remand.

■ The defendant argues that he can be sentenced under 11 *Del.C.* § 4214, using felony convictions in courts other than those of the State of Delaware, only if the State proves that the defendant was convicted of criminal acts which would support a conviction for one of the felonies enumerated in § 4214. Strictly construing this statute, as we must, we agree. *Kane v. State*, Del.Supr., 327 A.2d 744 (1974).

This approach is consistent with the statute's purpose of punishing habitual offenders for crimes involving harm or danger to human life and for which a life sentence without parole is appropriate.

The best and most just method of determining those deserving of such punishment is to look at the prior conduct of the defendant as it relates to the felonies in the Delaware Criminal Code, rather than to rely on technical classifications of other jurisdictions over which our legislature has no control. See *Commonwealth ex rel. Cannon v. Maroney*, Pa.Supr., 419 Pa. 461, 214 A.2d 498 (1965); *Bloom v. Lundburg*, Conn.Supr., 149 Conn. 67, 175 A.2d 568 (1961), cert. denied 369 U.S. 819, 82 S.Ct. 831, 7 L.Ed.2d 785 (1962).

## II

In this case the defendant contends that when convicted of one felony committed outside Delaware he was a minor under Delaware Law and subject to the jurisdiction of the Family Court. Thus, his conviction, if in Delaware, would not have been designated as a felony but as a delinquency under § 921.[2]

ual offender for the purposes of this section and § 4215 of this title.
Such felonies include:
Arson in the first degree,
Burglary in the first degree,
Burglary in the second degree,
Murder in the first degree,
Murder in the second degree,
Manslaughter except involuntary,
Manslaughter by motor vehicle,
Assault with intent to murder,
Poisoning with intent to murder,
Kidnapping,
Abducting child under 12 years,
Kidnapping child under 15 years,
Maiming by lying in wait,
Maiming without lying in wait,
Rape,
Assault with intent to commit rape,
Robbery,
Assault with intent to commit robbery.

2. 10 *Del.C.* 921 provides:
(2) a. Any child charged in this State with delinquency by having committed any act or violation of any laws of this State or any subdivision thereof, except: Murder in the first degree, rape, kidnapping; any child 16 years of age or older charged with violating Title 21 of the Delaware Code, except as provided in § 927

of this title; or any other crime over which the General Assembly has granted or may grant jurisdiction to another court;
b. Any child charged in this State with delinquency by having committed, after reaching his 16th birthday, murder in the second degree, manslaughter, robbery in the first or second, attempted murder (first or second degree), burglary in the first degree or arson in the first degree; provided, however, that such child shall, after his first appearance in the Court, be given a hearing as soon as practicable to determine his amenability to the processes of the Court.
Related section 931 provides: .
"Except as provided in § 938, no child shall be deemed a criminal by virtue of an allegation or adjudication of delinquency, nor shall a child be charged with or prosecuted for a crime in any other court. In this Court the nature of the hearing and all other proceedings shall be in the interest of rather than against the child. Except as otherwise provided, there shall be no proceedings other than appellate proceedings in any court other than this Court in the interest of a child alleged to be dependent, neglected, or delinquent." 10 *Del.C.* § 931.

We agree with the defendant that, with some exceptions, 10 *Del.C.* § 921 and § 931 evidence an intent on the part of the legislature to treat juvenile offenders in a different manner than adult offenders. We conclude that it would be inconsistent with that purpose to allow the use of convictions from other jurisdictions that would have been juvenile offenses in Delaware, and thus not felonies, to support enhanced punishment as an habitual offender under 11 *Del.C.* § 4214. Cf. *Sandoval v. People*, Colo. Supr., 162 Colo. 416, 426 P.2d 968 (1967) with *State ex rel. White v. Tahash*, Minn. Supr., 271 Minn. 283, 136 N.W.2d 89 (1965), and *State v. McCall*, N.J.Supr., 14 N.J. 538, 103 A.2d 376 (1954).

### III

The defendant in this case has a record of delinquency in Delaware. His acts in Kansas, when he was 17, might have been criminal acts the same as or equivalent to one of the felonies which would have subjected him to prosecution as an adult. He might have been found not amenable to the Family Court process. In addition, this conduct might have been such that he could have been convicted of one of the felonies enumerated in 11 *Del.C.* § 4214.

However, the States did not introduce any evidence to support the likelihood of these mere possibilities, and we will not assume them to be true. Without such evidence, we must conclude that the State has not met its burden of proof. Consequently, we hold that the sentencing of the defendant under 11 *Del.C.* § 4214(b) was improper and must be reversed. We remand this case to the Superior Court for resentencing consistent with this opinion.

REVERSED AND REMANDED.