

# The Attorney General of Texas

March 24, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bill Stubblefield
Williamson County Attorney
Georgetown, Texas 78626

Opinion No. MW-154

Re: Constitutionality of a county dog ordinance based on article 192-3, V.T.C.S.

Dear Mr. Stubblefield:

You ask two questions concerning a county ordinance that authorizes the killing of dogs for attacking domestic animals. The ordinance adopts article 192-3, V.T.C.S., which includes the following provision:

> Any dog, whether registered and tagged or not, when found attacking any sheep, goats, calves, and/or domestic animals or fowls, or which has recently made, or is about to make such attack on any sheep, goats, calves, and/or other domestic animals and fowls, may be killed by anyone present and witnessing or having knowledge of such attack and without liability in damage to the owner of such dog. . . .

Sec. 3. You wish to know whether this provision violates constitutional protections against taking of property without due process of law.

It is well established that property which is dangerous to the safety of the community may be summarily destroyed without violating due process of law. Sentell v. New Orleans & C. R. Co., 166 U.S. 698 (1897); Cannon v. City of Dallas, 263 S.W.2d 288 (Tex. Civ. App. — El Paso 1953, writ ref'd n.r.e.). A vicious dog which endangers the safety of property may be lawfully killed. City of Garland v. White, 368 S.W.2d 12 (Tex. Civ. App. — Eastland 1963, writ ref'd n.r.e.).

Statutes similar in most respects to that at issue here have been upheld in a number of jurisdictions. A Colorado statute, whose validity was sustained in Failing v. People, 98 P.2d 865 (Colo. 1940), provided that "any dog found running, worrying or injuring sheep or cattle may be killed." 98 P.2d, at 866. In New Jersey, the statute permitted the destruction by any person of "a dog . . . which is found chasing, worrying, wounding or destroying any sheep, lamb, poultry or domestic animal." Bunn v. Shaw, 69

A.2d 576, 577 (N.J. 1949).  And in <u>Soucy v. Wysocki</u>, 96 A.2d 225 (Conn. 1953), the court upheld a statute which provided

> any owner . . . of any domestic animal or poultry . . . may kill any dog which he shall find pursuing or worrying any such domestic animal or poultry.

96 A.2d, at 228.

By contrast, the Supreme Court of Idaho struck down on due process grounds a statute which permitted a game warden to kill "any dog running at large in territory inhabited by deer."  In that case, <u>Smith v. Costello</u>, 290 P.2d 742 (Id. 1955), there was "no contention that the dogs were tracking, chasing, molesting or worrying deer or had the habit of so doing." <u>Id.</u> at 743.  The court held that a legislative declaration

> that a dog running at large in territory inhabited by deer is a public nuisance, without more, is an arbitrary, unreasonable, and unconstitutional regulation.

<u>Id.</u> at 744.  It is instructive to note, however, that even the Idaho court indicated that its determination might have been otherwise had it been demonstrated that the dog in question "had the habit" of chasing deer.   These decisions seem to indicate that section 3 of article 192-3, V.T.C.S.,  will withstand attack on constitutional grounds.

You next ask what standard would be required to show that a dog is "known to have attacked . . . a domestic animal or fowl?"  This inquiry requires the consideration and resolution of fact questions, and therefore cannot be answered in an Attorney General Opinion.

Although we cannot conclude that section 3 of article 192-3, V.T.C.S.,  is violative of due process, we believe it is appropriate to take cognizance of the relative severity of a statute which authorizes the summary destruction of a dog by any person "having knowledge" of the dog's attack on any "domestic animal."  The statute reflects a long-standing conflict between livestock owners and dog lovers, particularly in rural areas, and article 192-3, V.T.C.S., cannot of course be implemented in the absence of an affirmative county-wide majority vote.  All three state courts which have upheld statutes similar to article 192-3, V.T.C.S., must have felt a similar sense of unease, however, for each of them added a few comments on the law's significance.

The Connecticut court said that

> recent authority tends toward the full recognition of property rights in dogs as in other domestic animals.

<u>Soucy, supra,</u> at 228.  The New Jersey court indicated that

> opinions may well differ as to the equities of a particular case and we may sympathize with the views of the respective parties, but they are not our concern.

Bunn, supra, at 578. The court implied that a relaxation in the statute's severity may be overdue, but that amendment must come from the legislature. Bunn, supra, at 578. And in Failing v. People, supra, the court, while upholding the law, was not reluctant to disclose its sympathies:

> With such legal sanction as is provided by section 40, a dog's life continues to be more hazardous in rural than in urban territory. Evidently the clash is between the economic and the aesthetic. We may sympathize with the aesthetic, but positive law must control.

98 P.2d, at 867.

Before article 192-3, V.T.C.S., can be adopted in any county, it must be approved by an affirmative vote of the voters of the county. As we have noted, article 192-3, V.T.C.S., need not be adopted in any county, but in any county in which sheep, cattle and other livestock remain of substantial economic importance, it is available to protect those interests from attacking dogs.

## S U M M A R Y

> A county ordinance which, pursuant to an affirmative vote of the people of the county, adopts the provisions of section 3 of article 192-3, V.T.C.S., is not unconstitutional.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman

Walter Davis
Susan Garrison
Rick Gilpin
Eva Loutzenhiser
Bruce Youngblood