**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Howard L. ROSS, Defendant–Appellant.**

**No. 89CA0032.**

Colorado Court of Appeals, Div. II.

Feb. 28, 1991.

As Modified on Denial of Rehearing June 27, 1991.

Cross Petition for Certiorari Granted Nov. 12, 1991.

Certiorari Denied (Ross) Nov. 12, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Wendy J. Ritz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Richard A. Hostetler, Denver, for defendant-appellant.

Opinion by Judge DUBOFSKY.

Defendant, Howard L. Ross, appeals the judgment of conviction entered upon jury verdicts finding him guilty of second degree assault in violation of § 18–3–203(1)(a), C.R.S. (1986 Repl.Vol. 8B), and assault with a deadly weapon on the elderly in violation of § 18–3–209, C.R.S. (1986 Repl.Vol. 8B). He also appeals the sentence imposed in accordance with the provisions of § 16–11–309, C.R.S. (1986 Repl.Vol. 8A). We reverse his conviction for assault on the elderly and vacate his sentence under § 16–11–309 on that charge. We affirm his conviction of second degree assault and the sentence thereunder.

While playing golf, the victim hooked his tee shot and the ball struck defendant's passing car. Defendant stopped his car and waved the victim over. After a short exchange of words, defendant hit the victim once in the face with his fist. The victim, a 72 year-old man, suffered multiple facial fractures, lost his lower teeth, had his mouth wired shut, and also had resulting problems with his eyes and tear ducts.

## I.

Defendant initially contends that the evidence did not prove that he used a deadly weapon, a necessary element of the charge of assault with a deadly weapon on the elderly. We agree with defendant that a fist is not a deadly weapon and, therefore, reverse his conviction for assault on the elderly.

The statute at issue, § 18–3–209, provides that, if the assault on the elderly is second degree assault as defined in § 18–3–203(1)(b), C.R.S. (1986 Repl.Vol. 8B), then the court shall sentence the defendant in accordance with the provisions of § 16–11–309 (mandatory sentences for violent crimes).

Section 18–3–203(1)(b) states:

"(1) A person commits the crime of assault in the second degree if:

. . . .

"(b) With intent to cause bodily injury to another person, he causes or attempts to cause such injury to any person by means of a deadly weapon."

In our view, there are several reasons why the use of fists does not constitute an assault with a deadly weapon.

Historically, fists have not been considered a deadly weapon. *See* Annot., 8 A.L.R. 4th 1268 (1981). The traditional view is that a deadly weapon is one which is capable of causing death or serious bodily injury because of its design or construction. Under this analytical approach, weapons such as firearms, knives, clubs, and axes constitute deadly weapons as a matter of law. 54 Am.Jur.2d *Homicide* § 5 (1968).

Also, the inclusion of human body parts, such as fists, within the concept of deadly

weapons, presents conceptual problems. The most obvious such problem is that unlike other kinds of weapons, fists are not instrumentalities separate from the person and are not generally considered weapons by a person faced with a possible attack. However, it is undeniable that they may be used to cause death or serious physical injury.

Although this latter quality has led some courts to classify the use of fists, under certain circumstances, as deadly weapons, *see Hollis v. State,* 417 So.2d 617 (Ala. Crim.App.1982); *Cooper v. State,* 773 S.W.2d 749 (Tex.App.1989), the majority rule is that fists do not constitute deadly or dangerous weapons within the meaning of applicable statutes. *See, e.g., Commonwealth v. Davis,* 10 Mass.App.Ct. 190, 406 N.E.2d 417 (1980).

A major reason for treating crimes involving the use of deadly weapons harshly is that the defendant's possession of a dangerous weapon increases the likelihood of conflict, violence, and serious injury or death. *Commonwealth v. Davis, supra.*

Section 18–1–901(3)(e), C.R.S. (1986 Repl. Vol. 8B) defines "deadly weapon" as:

"any of the following which in the manner it is used or intended to be used is capable of producing death or serious bodily injury:

"(I) A firearm, whether loaded or unloaded;

"(II) A knife;

"(III) A bludgeon; or

"(IV) Any other weapon, device, instrument, material, or substance, whether animate or inanimate."

The People argue that, since the definition of deadly weapon in § 18–1–901(3)(e) includes any animate or inanimate substance, a fist comes within the purview of the statute. However, if we were to follow this approach, it would result in virtually every object that is a cause of death or serious bodily injury being classified as a deadly weapon. Since every serious injury or death resulting from an assault is caused by an animate or inanimate object, it would be impossible to distinguish between second degree assault involving deadly weapons and those second degree assault offenses which do not.

For example, defendant was also convicted under § 18–3–203(1)(a) which provides:

"A person commits the crime of assault in the second degree if:

(a) With intent to cause serious bodily injury, he does cause such injury to any person. . . ."

The People's argument would result in obliterating the distinction between the two sections and make § 18–3–203(1)(a) meaningless.

Statutes which are *in pari materia* must, if possible, be harmonized and construed together. *People in Interest of D.L.E.,* 645 P.2d 271 (Colo.1982). Also, statutes must be construed to further the legislative intent evidenced by the entire statutory scheme and must be construed as a whole to give a consistent, harmonious, and sensible effect to all parts. *Martinez v. Continental Enterprises,* 730 P.2d 308 (Colo.1986).

The only way to reconcile § 18–1–901(3)(a) and § 18–3–203(1)(a) and (1)(b) would be to conclude that not all animate and inanimate materials constitute a deadly weapon. Therefore, in order for § 18–3–203(1)(a) to have a separate basis from § 18–3–203(1)(b), the distinction must be in the nature of the object used rather than in the result produced, *i.e.,* serious bodily harm or death. This distinction is best understood and carried forward by the application of the term deadly weapon to those objects, separate from parts of the actor's body, which, by their inherent nature, are understood to enhance the risk of conflict and result in serious injury or death. *See Commonwealth v. Davis, supra.*

The court in *Davis* stated that the term animate object in its deadly weapon statute applied to attack dogs and wild animals but not to fists. The court concluded that, since the idea that parts of the body may be used as a dangerous weapon had not been generally accepted, it would exercise judicial restraint in expanding the concept of a deadly weapon beyond its traditional

**510**

and limited scope. We agree with this view of the issue.

■ Furthermore, to the extent that an ambiguity exists as to whether fists are intended to be included as a deadly weapon under § 18–1–901(3)(e) and § 18–3–203(1)(b), we look to the general rules of statutory construction of penal statutes. The courts have applied strict rules of construction to penal statutes. *People v. Mooney,* 87 Colo. 567, 290 P. 271 (1930). All doubts as to the scope of penal statutes are to be resolved in favor of the defendant. *Polly v. People,* 107 Colo. 6, 108 P.2d 220 (1940); *People v. Russell,* 703 P.2d 620 (Colo.App.1985). Therefore, on this basis, we also determine that fists are not included as a deadly weapon.

Accordingly, defendant's conviction under § 18–3–209 for assault on the elderly and the sentence imposed for that offense cannot stand.

## II.

Defendant also argues that the evidence was insufficient to establish his specific intent to cause serious bodily harm under § 18–3–203(1)(a). We disagree.

A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the evidence, both direct and circumstantial, when viewed as a whole, and in a light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that defendant is guilty of the charge beyond a reasonable doubt. *Kogan v. People,* 756 P.2d 945 (Colo.1988).

■ Specific intent is an essential element of assault, but this requisite specific intent may be drawn from the circumstances of the case. *People v. Prante,* 177 Colo. 243, 493 P.2d 1083 (1972). Circumstantial evidence, no less than direct evidence, may support a jury verdict of guilty, and it is for the jury, in the last analysis, to weigh the evidence. *DeBaca v. People,* 160 Colo. 543, 418 P.2d 286 (1966).

■ Here, the People's evidence indicated that defendant was screaming and yelling at the victim as he approached the car. Defendant, in a fit of anger, threw down his gloves and struck the victim, an obviously elderly person, directly in the face. The emergency room doctor testified to the victim's multiple facial fractures and possible brain hemorrhage. The injuries themselves reflect a powerful blow to the victim's face.

Although defendant's testimony concerning the incident differed, the jury is the trier of fact and determines the credibility of the witnesses and the weight to be given to their testimony. *DeBaca v. People, supra.* We conclude that the evidence was sufficient to establish specific intent to cause serious bodily injury beyond a reasonable doubt and, therefore, affirm defendant's conviction under § 18–3–203(1)(a).

Defendant's remaining contentions are without merit.

The judgment of conviction of assault on the elderly with a deadly weapon is reversed, and the sentence imposed for that offense is vacated. The judgment of conviction of second degree assault and the 8–year and 1–day sentence imposed therefor are affirmed.

TURSI and NEY, JJ., concur.