No. 18,327.

CHARLES G. THOMPSON *v.* PEOPLE OF THE STATE OF COLORADO.
(316 P. [2d] 1043)

Decided October 28, 1957.

Mr. CHARLES G. THOMPSON, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered, the opinion of the Court.

ON May 25, 1956, plaintiff in error was sentenced to serve a term of not less than four nor more than seven years in the state penitentiary pursuant to a charge of aggravated robbery, to which he entered a plea of guilty. In the trial court plaintiff in error, herein referred to as defendant, was represented by counsel.

In February 1957 defendant applied to the district court of Lake County for a writ of habeas corpus and later renewed the application in the month of March 1957. Both the original and renewed applications were denied after hearing, and defendant brings the case here on writ of error, appearing pro se.

We would be justified in dismissing the writ of error because our rules have not been complied with, nevertheless we shall dispose of the case on its merits.

Defendant asserts that he was nineteen years of age at the time of the conviction and had not been previously convicted of a felony. He contends that based on these facts he should have been given probation or sent to the State Reformatory.

With reference to the first contention of defendant, suffice it to say that the granting or denying probation in this case rested within the discretion of the trial

court and a writ of error will not lie to an order denying probation.

■ The provision in the robbery statute (C.R.S. '53, 40-5-1), pertaining to the sentencing of offenders under twenty-one years of age is an exception to the exception in the reformatory act (C.R.S. '53, 39-10-1). The robbery statute was enacted in 1931, whereas the reformatory act goes back to the laws of 1889. The last mentioned act has at all times contained the exception pertaining to persons convicted of crimes involving the penalty of imprisonment for life.

■ If there exists "* * * an irreconcilable or substantial conflict as to the sentence between these two sections of different statutes" the one last enacted prevails. *Cuswell v. People,* 74 Colo. 547, 223 Pac. 51.

The robbery statute passed in 1931 controls the instant case. It provides that where the person convicted "is a person under the age of twenty-one years at the time of conviction, he may be sentenced to confinement in the state reformatory, or in the state penitentiary, in the discretion of the court; and, if sentenced to the state penitentiary, the duration of the sentence to be imposed shall be within the discretion of the court, the same, however, to be for a term of not less than one year nor more than ten years."

Perceiving no error in the record here submitted, the judgment is affirmed.