No. 19,199.

JOE (INEZ) MARTINEZ *v*. HARRY C. TINSLEY, WARDEN.
(351 P. [2d] 879)

Decided April 25, 1960.   Rehearing denied May 23, 1960.

496

Plaintiff in error, *pro se.*

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN F. BRAUER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS cause is before us on writ of error to review a judgment of the district court of Pueblo County discharging a writ of habeas corpus and remanding the plaintiff in error to the custody of Tinsley who is warden of the penitentiary at Canon City. Since the proceeding had its genesis in a criminal action the plaintiff in error will be referred to as defendant.

In April, 1956, an information was filed in the district court of Pueblo County in which the defendant was accused of having committed the crime of aggravated robbery as that offense is defined by C.R.S. '53 40-5-1 (1). Three additional counts contained in the information alleged separate convictions of defendant of the crime of robbery prior to the offense alleged in count one. These three convictions were for robberies committed by defendant in Las Animas County in 1937 and in 1950, and in Denver in 1943.

Upon arraignment the defendant entered a plea of guilty to the substantive offense charged in count one.

He was then arraigned on the second and third counts and entered a plea of guilty to each of them.

The district attorney advised the court as follows:

"It is our intention and we have so advised the defendant that it will be the little habitual he is entering a plea to."

Thereupon the court said to the defendant:

"You have heard the reading of the third count in this information, charging you with being convicted in the Third Judicial District of this state for the crime of robbery. It is an allegation pursuant to the statute under the little habitual criminal act. You understand this third count in the information?"

The plea of guilty to the third count followed.

Although it is apparent that the so-called "little" habitual criminal act was the provision under which the trial court and the district attorney intended to dispose of the case, nevertheless, the following occurred following the guilty plea to the third count.

"THE COURT: Let his plea be entered. Read the fourth count of the information. I think it all should be read.

(Count 4 here read by the clerk.)

"THE COURT: Mr. Martinez, you have heard the reading of the fourth count in this information. Do you understand it?

"MR. MARTINEZ: Yes.

"THE COURT: It is an allegation that you were convicted and sent to the state penitentiary from the Second Judicial District for the crime of robbery. What is your plea to the fourth count in this information?

"MR. MARTINEZ: Guilty.

"THE COURT: What?

"MR. MARTINEZ: Guilty.

"THE COURT: It is the duty of the Court to inform you, Mr. Martinez, by pleading guilty to the charge in this fourth count in the information which was an allegation pursuant to the little habitual criminal act, that

you may subject yourself to a life term in the state penitentiary. Knowing this fact, how do you plead?

"MR. MARTINEZ: Guilty.

"THE COURT: Let his plea be entered."

The record as thus made at this point shows a plea of guilty to the substantive offense of aggravated robbery and pleas of guilty to three previous convictions of robbery. Under the law, and the record as made, a life sentence was mandatory.

At the time sentence was imposed, the following took place:

"THE COURT: The Court has reconsidered your case, Mr. Martinez, and it was the understanding of the district attorney that you were to plead guilty to simple robbery and to the small habitual criminal act instead of aggravated robbery and the large habitual criminal act.

"Therefore, the Court is going to impose sentence in accordance with those views, that is, to simple robbery and to the little habitual criminal act. Under the other charge, the Court would have had no alternative but to sentence you to straight life imprisonment.

\* \* \*

"THE COURT: You have pleaded guilty to Count 1 and Counts 2 and 3, which comprise the habitual criminal act. You will be sentenced under Count 1 and Counts 2 and 3.

"It is, therefore, the judgment and sentence of this Court that you be taken from the bar of this Court to the common jail from whence you came; then with all convenient speed by the Sheriff of Pueblo County to be taken to the State Penitentiary at Canon City, there to be delivered to the warden or keeper of said institution, to be confined therein for a period of not less than 22 nor more than 32 years."

In May, 1959, defendant caused a writ of habeas corpus to be issued out of the district court of Pueblo County. He alleged that he was illegally confined be-

cause the second count of the information, upon which he was sentenced as an habitual criminal, did not charge the conviction of a felony. The basis of this argument was that following that conviction he was sentenced to the reformatory at Buena Vista, and under the rule applied in *Smalley v. People,* 134 Colo. 360, 304 P. (2d) 902, this conviction could not be counted.

It is undisputed that at the time of the conviction of the defendant for the crime referred to in the second count of the information he was seventeen years of age. The court which heard the case had discretionary power to sentence the defendant to the penitentiary or to the reform school, C.R.S. '53, 40-5-1. In the exercise of this discretion the defendant was sentenced to the reformatory.

In *Thompson v. People,* 136 Colo. 336, 316 P. (2d) 1043, this court held that although a conviction for the crime of robbery resulted in a reformatory rather than a penitentiary sentence, it was, nevertheless, a conviction of a felony within the meaning of the habitual criminal act because it could have resulted in a sentence to the penitentiary notwithstanding the fact that the defendant was under 21 years of age. This crime is a felony within the definition of that term as set forth in Article XVIII, Section 4 of the Constitution of Colorado, which provides that a felony is an offense "punishable" by imprisonment in the penitentiary.

The attorney general argues that under the record as it stood at the time of the imposition of the sentence the court could enter no judgment other than one imposing a sentence of life imprisonment. It is clear that the plea of guilty to the substantive crime was entered by the defendant upon an understanding with the district attorney that only the provisions of the "little" habitual criminal act would be invoked against him. The defendant was not represented by counsel. The district attorney, under such circumstances, should have moved to withdraw one of the habitual criminal

counts. The trial judge made it clear that he approved disposition of the case upon the basis of the lesser sentence possible under the "little" habitual criminal act. The fact that the court eliminated from consideration one of the counts to which a plea of guilty had been entered is tantamount to a withdrawal of one of those counts from the information. The intent of the defendant, the district attorney and the trial court was carried out at the time the original sentence was imposed.

The same sentence was reimposed upon the defendant at the time the writ of habeas corpus was discharged. It is a valid sentence and no cause exists requiring it to be set aside or in any wise modified.

The judgment is affirmed.