Frederick Eldred **RENNEKE**,
Plaintiff–Appellant,

v.

**W.L. KAUTZKY**, Executive Director,
Colorado Department of
Corrections, Defendant–Appellee.

No. 88SA441.

Supreme Court of Colorado,
En Banc.

Nov. 20, 1989.

Frederick Renneke, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Marleen Langfield, Asst. Atty. Gen., Denver, for defendant-appellee.

Justice KIRSHBAUM delivered the Opinion of the Court.

Appellant, Frederick Eldred Renneke, appearing *pro se*, filed a petition for writ of habeas corpus with the trial court seeking release from the custody of the Department of Corrections (the Department). He asserted that, pursuant to section 16–11–310, 8A C.R.S. (1986), he was entitled to release on January 28, 1988. The trial court denied the petition, holding that appellant's continued incarceration was authorized pursuant to section 17–22.5–303(3) and (6), 8A C.R.S. (1986). Appellant has appealed that decision. We affirm.

I

The record reveals that appellant committed the offense of assault in the second degree, in violation of section 18–3–203, 8B C.R.S. (1986), on August 15, 1985; that upon conviction he was initially sentenced to serve a four-year sentence in a community corrections program, commencing September 3, 1986; that appellant had been

incarcerated for 385 days prior to the imposition of sentence; and that appellant was terminated from the community corrections program after serving 162 days therein. An amended mittimus issued after appellant was terminated from the community corrections program contained the following pertinent language:

IT IS FURTHER ORDERED OR RECOMMENDED: ORDER: [APPELLANT] TO BE GIVEN CREDIT OF 385 DAYS['] PRESENTENCE CONFINEMENT AND 385 DAYS['] GOOD TIME AND 162 DAYS['] CREDIT FOR TIME SERVED AT COMMUNITY CORRECTIONS.

The mittimus also indicated the fact that appellant's sentence was for "4 YEARS PLUS A PERIOD OF PAROLE."

Appellant was delivered to the custody of the Department. The Department then prepared a time computation report reflecting that, assuming appellant actually received all good time and earned time credit he was eligible to receive, appellant would be entitled to absolute release from custody on January 28, 1988. In arriving at this conclusion, the Department granted credit to appellant for 547 days of presentence confinement and 547 days of good time credited against his presentence confinement.

■ Appellant asserts that he was entitled to unconditional release from custody on his maximum control date, January 28, 1988, pursuant to the provisions of section 16–11–310, 8A C.R.S. (1986). That statute then stated as follows:[1]

Release from incarceration. Except as provided in section 7 of article IV of the state constitution relating to the power of the governor to grant reprieves and pardons, an incarcerated person shall be unconditionally released and discharged upon the expiration of his sentence, less the deductions authorized in article 22.5 of title 17, C.R.S.

§ 16–11–310, 8A C.R.S. (1986). Appellant relies on our decision in *Price v. Mills*, 728

1. That statute has since been repealed. *See* Ch. 124, sec. 25, § 16–11–310, 1988 Colo.Sess.Laws

P.2d 715 (Colo.1986), to support his assertion.

The offense for which appellant was convicted occurred subsequent to July 1, 1985. The calculation of good time with regard to sentences imposed for such offenses is governed by the provisions of section 17–22.5–301(3), which section states in pertinent part as follows:

Good time. . . .

(3) Each person sentenced for a crime committed on or after July 1, 1985, shall be subject to all the provisions of this part 3; except that the good time authorized by this section shall not vest and may be withheld or deducted by the department. The department of corrections shall report annually to the general assembly the number of good time days authorized per inmate, the number of good time days withheld or deducted per inmate, and the average length of stay per inmate during each calendar year. The report shall be submitted to the general assembly prior to each March 31 for the preceding calendar year.

§ 17–22.5–301(3), 8A C.R.S. (1986). The calculation of earned time credits with regard to sentences imposed for such offenses is governed by section 17–22.5–302, which provides as follows:

Earned time. (1) In addition to the good time authorized in section 17–22.5–301, earned time, not to exceed thirty days for every six months of incarceration, may be deducted from the inmate's sentence upon a demonstration to the department by the inmate that he has made substantial and consistent progress. . . . (4) For each inmate sentenced for a crime committed on or after July 1, 1985, the department shall review the performance record of the inmate and may grant, withhold, withdraw, or restore, consistent with the provisions of this section, an earned time deduction from the sentence imposed. . . .

§ 17–22.5–302(1), (4), 8A C.R.S. (1986). By the adoption of these statutes, the General

707, 715.

Assembly has granted the Department discretion to withhold or deduct good time credits and to withhold, withdraw or restore earned time credits authorized to be awarded to inmates. As a result, the Department possesses broad administrative flexibility to determine the actual date upon which an inmate may become eligible for parole. This approach requires individual consideration of the progress each inmate makes while subject to the custody of the Department. The General Assembly has also directed the Department to work closely with the parole board to determine parole eligibility dates of inmates, as reflected by the following pertinent provisions of section 17–22.5–303(6), 8A C.R.S. (1986):

> Parole....
>
> (6) Any person sentenced for a ... felony committed on or after July 1, 1985, shall be eligible for parole after he has served the sentence imposed less any time authorized for good time earned pursuant to section 17–22.5–301 and for earned time pursuant to section 17–22.5–302. Upon an application for parole, the state board of parole, working in conjunction with the department and using the guidelines established pursuant to section 17–22.5–303.5, shall determine whether or not to grant parole and, if granted, the length of the period of parole, which may be for a period of up to five years. If an application for parole is refused by the state board of parole, the state board shall reconsider within one year thereafter the granting of parole to such person and shall continue the reconsideration each year thereafter until such person is granted parole or until he is discharged pursuant to law.

§ 17–22.5–303(6), 8A C.R.S. (1986). This statute also places broad discretion in the Department as well as the parole board to determine when an inmate may be released from the Department's custody.

When considered as a whole, the statutory scheme applicable to appellant is quite different from prior statutory provisions regulating the grant or denial of good time credits. In *Price v. Mills*, 728 P.2d 715 (Colo.1986), this court construed several earlier statutes governing the Department's authority to award good time, trusty time and meritorious time credits. In the course of describing the method of calculation adopted by the Department in that case, we observed that "the maximum control date is the maximum potential period of incarceration, assuming no other credits." *Id.* at 719.

This observation does not apply to the circumstances presented here. Because under the present statutory structure the Department may withdraw the good time and earned time credits upon which the initial calculation of appellant's maximum control date was based, that date does not represent the date upon which he is entitled to unconditional release.[2] To the extent section 16–11–310 was in conflict with sections 17–22.5–301(3), 17–22.5–302(4) and 17–22.5–303(6) at the times here pertinent, the latter statutes, having the latest effective dates, must be deemed to control. Section 2–4–206, 1B C.R.S. (1980 Repl.Vol.); *Public Employees' Retirement Ass'n v. Greene*, 195 Colo. 575, 580 P.2d 385 (1978); *Thompson v. People*, 136 Colo. 336, 316 P.2d 1043 (1957).[3]

■ Appellant also argues that the amended mittimus in effect constitutes an order prohibiting the Department from retaining custody of appellant subsequent to his earliest eligible parole date. Appellant's argument, if adopted, would render

---

**2.** It is of course true that a person who commits an offense after June 30, 1985, cannot be confined in an institution of the Department for a period of time in excess of the original sentence imposed. § 16–11–302, 8A C.R.S. (1986).

**3.** Section 16–11–310 was amended in 1979, with an effective date of July 1, 1979. Ch. 157, secs. 10, 25, § 16–11–310, 1979 Colo.Sess.Laws 664, 666, 672. Insofar as is pertinent here,

§ 17–22.5–301(3) was amended in 1985, effective June 6, 1985. Ch. 144, sec. 1, § 17–22.5–301, 1985 Colo.Sess.Laws 646. Section 17–22.5–302(4) was adopted in 1984, effective July 1, 1984. Ch. 126, secs. 1 & 7, § 17–22.5–302, 1984 Colo.Sess.Laws 517, 521 and 524. Section 17–22.5–303(6) was adopted in 1985, effective July 1, 1985. Ch. 145, secs. 4 & 10, § 17–22.5–303(6), 1985 Colo.Sess.Laws 647, 649 and 654.

meaningless the parole provisions of section 17–22.5–303(3) and the discretionary authority of the Department to withhold or withdraw good time and earned time credits. The creation and distribution of good time credits is a matter committed to the authority of the legislature, subject to constitutional limitations; trial court orders cannot be construed to override the letter and intent of statutory provisions appropriately adopted by the General Assembly.

The current statutory scheme contemplates that an inmate who becomes eligible for parole consideration may, at the discretion of the Department and the parole board, be denied parole status and continued in the custody of the Department until a subsequent parole eligibility date, so long as the total period of confinement does not exceed the actual sentence imposed. In view of this statutory pattern, the Department's decision to continue to exercise custody over appellant subsequent to January 28, 1988, was within the discretion granted to it by the General Assembly.

For the foregoing reasons, the judgment of the trial court is affirmed.