James Earl CHRISTENSEN,
Plaintiff–Appellant,

v.

The PEOPLE of the State of Colorado,
Defendant–Appellee.

No. 93SA194.

Supreme Court of Colorado,
En Banc.

Feb. 28, 1994.

James Earl Christensen, pro se.

The People of the State of Colorado, not appearing.

Justice SCOTT delivered the Opinion of the Court.

This direct appeal requires us to determine whether a petition for habeas corpus is an available remedy for an alleged failure of the parole board to grant a state inmate's request for absolute release or parole. The district court dismissed the petition because the inmate did not allege that he was entitled to immediate release. We affirm.

## I

On July 30, 1976, plaintiff-appellant James Earl Christensen was sentenced to an indeterminate term of "one day to life," pursuant to section 16–13–203, C.R.S. (1973) (now section 16–13–203, 8A C.R.S. (1986)), of the Colorado Sex Offenders Act (hereafter the "Sex Offenders Act") after he pleaded guilty to five counts of sexual assault in the second degree [1] and one count of sexual assault on a child.[2] At the sentencing hearing Christensen was committed to the Department of Corrections. Christensen was assigned to the Colorado State Hospital for therapy. From October, 1976, until January, 1978, Christensen was treated at the Colorado State Hospital.

On January 23, 1978, while unsupervised, Christensen walked off the hospital grounds and did not return. For a period of approximately twelve years thereafter, Christensen lived in Eagle Grove, Iowa. However, in 1989, Christensen was apprehended and returned to Colorado. On his return he was convicted of escape and subsequently sentenced to a term of twelve months in the Colorado Department of Corrections (DOC) for his 1978 escape.[3] Since July 16, 1989, Christensen has been in the custody of the DOC.

Acting *pro se*, on June 8, 1993, Christensen petitioned the district court to allow him to proceed *in forma pauperis*, and for a writ of habeas corpus. In his petition, Christensen specifically requested an order directing the parole board to have him evaluated by two psychiatrists for the purpose of determining whether, pursuant to section 16–13–216, 8A C.R.S. (1986),[4] he should be paroled or released from the custody of the DOC.[5] The district court granted Christensen's request to proceed *in forma pauperis*, but dismissed his petition for a writ of habeas corpus because his petition did "not have attached to it a copy of the current warrant of commitment as is required by [section] 13–45–101(1), [6A] C.R.S. [ (1987) ]."

---

1. § 18–3–403, C.R.S. 1973 (now § 18–3–403, 8B C.R.S. (1986 & 1993 Supp.)).

2. § 18–3–405, C.R.S. 1973 (now § 18–3–405, 8B C.R.S. (1986 & 1993 Supp.)).

3. Based on the limited information available in this *pro se* appeal, it is unclear whether Christensen was convicted of the inchoate offense "criminal attempt" to escape, in violation of § 18–2–101, 8B C.R.S. (1986), or of "escape," in violation of § 18–8–208, 8B C.R.S. (1986). Christensen asserts in his petition that he was convicted of "attempted escape."

4. Section 16–13–216 sets out the jurisdiction of the parole board under the indeterminate sentencing scheme, and is discussed fully at pp. 1258–1259, *infra*.

5. In his petition to the district court, Christensen also requested court-appointed counsel, which was denied based on the court's conclusion that it was "without authority to appoint counsel in civil cases," citing *McGrath v. Tinsley*, 138 Colo. 18, 328 P.2d 579 (1958). Christensen did not challenge the court's denial of his request for counsel, and we do not address it here.

On June 28, 1993, Christensen filed a motion for reconsideration with an attached mittimus, and accordingly, the district court granted his motion. On July 7, 1993, however, after reviewing the petition for writ of habeas corpus, the district court dismissed Christensen's petition on the ground that Christensen's "petition [did] not allege nor establish by its allegations, as it must, that [Christensen was] entitled to immediate release."

Christensen appealed the dismissal of his petition to this court. We granted his request to proceed without payment of filing fees, but ordered him to show cause why his appeal should not be dismissed for a failure to file his notice in compliance with C.A.R. 3(d).[6] Upon review of Christensen's response to the order to show cause, we discharged the order and shortly thereafter Christensen filed this appeal. On appeal, Christensen argues that the parole board's unwillingness to grant release or parole on the ground that he refuses to "attend the sex offender's program ... [and that he] needs more correctional treatment," is without justification, given his particular history and demonstrable rehabilitation. Christensen further claims that under section 16–13–216, he is entitled to a parole board hearing to determine whether he continues to pose a threat of bodily harm to members of the public and, that if he can establish that he is no longer dangerous to the public, he should be eligible for either an absolute release or parole.[7]

In support of the argument that he is no longer a threat to the public, Christensen, now fifty-seven years of age, asserts that from the time of his reincarceration in July, 1989, he has attended "substance abuse," "basic mental health," and "sex offenders" classes, has carried a 4.0 work record, and

has been awarded a "GED" (general equivalency diploma). Christensen also offers commendatory references from both the mayor and the police chief of Eagle Grove, Iowa, regarding his conduct during the period from 1978 until his apprehension in 1989. Christensen adds that he has been diagnosed with and has undergone invasive treatment for testicular cancer. Lastly, Christensen asserts that in September, 1992, he was evaluated by a private psychologist who concluded that he was no longer a danger to society, and thereupon recommended parole.

## II

To fully address Christensen's argument we begin with a review of the Sex Offender's Act. The Sex Offender's Act is a comprehensive scheme enacted by the legislature as one of several options available to trial courts for the sentencing of convicted sex offenders. *People v. Lyons*, 185 Colo. 112, 114, 521 P.2d 1265, 1267 (1974). We also examine the role of the parole board under the Act.

The Sex Offenders Act is set out in sections 16–13–201 to –216, 8A C.R.S. (1986), and vests a trial court with the discretion to sentence an individual to an indeterminate term if he or she has been convicted of certain "sex crimes" that have been so specified in the Act. These include sexual assault on a child, in violation of section 18–3–405; aggravated incest, in violation of section 18–6–302; sexual assault, except misdemeanor sexual assault in the third degree, in violation of sections 18–3–401 to –404; and attempt to commit any of the aforementioned offenses, *see* § 16–13–202 (defining "sex offense").

After conviction of the underlying offense, commitment proceedings must be commenced within twenty days.[8] § 16–13–205.

---

**6.** C.A.R. 3(d) sets forth certain information that must be included in notices of appeal permitted as of right.

**7.** The People did not file a response or otherwise participate in this appeal. As far as is ascertainable from Christensen's petition, these assertions fairly characterize the substance of his argument.

**8.** In *Specht v. Patterson*, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967) the United States

Supreme Court held that "the invocation of the [Colorado] Sex Offenders Act means the making of a new charge leading to criminal punishment," 386 U.S. at 610, 87 S.Ct. at 1212 and as such, procedural due process "requires that [a sex offender] be present with counsel, have an opportunity to be heard, be confronted with witnesses against him, have the right to cross-examine, and to offer evidence of his own. And there must be findings adequate to make meaningful any appeal that is allowed." These protections

Following an evidentiary hearing, if the trial court finds beyond a reasonable doubt that the defendant, if at large, constitutes a threat of bodily harm to members of the public, the court must commit the defendant under the indeterminate commitment provision, i.e., section 16–13–203. *See* § 16–13–211 (invoking mandatory language); *see also People v. Lyons,* 185 Colo. 112, 521 P.2d 1265 (1974) (holding that the Sex Offenders Act vests the district court with the discretion to order commitment of a sex offender found to be a threat to the public).

◼ Within six months after an individual is committed pursuant to section 16–13–203, and at least once during each twelve months thereafter, the parole board *"shall* review all reports, records, and information concerning said person, for the purpose of determining whether said person shall be paroled." § 16–13–216(1)(a) (emphasis added). By express grant, the parole board is conferred "exclusive control over the parole and reparole of all persons committed pursuant to [the indeterminate sentencing provision], regardless of the facility in which those persons are confined." § 16–13–216(3). Additionally, and of particular relevance to the instant matter, if the parole board determines an inmate is in need of further treatment, it can condition parole upon participation in a sex offender treatment program. *White v. People,* 866 P.2d 1371 (1994). Moreover, the board

> is authorized to issue an absolute release to any person committed pursuant to [the indeterminate commitment provision], *if the board deems it is in the best interests of that person and the public and that the person, if at large, would not constitute a threat of bodily harm to members of the public.*

§ 16–13–216(5) (emphasis added). Finally, by virtue of section 16–13–216(6), the parole board enjoys a general grant of authority, such that it retains all those powers and duties respecting the parole of prisoners generally and not otherwise limited by statute.

have been incorporated through § 16–13–206 of

## III

### A

◼ Before addressing petitioner's claims, we briefly delineate relevant factors for judicial review of a petition under our Habeas Corpus Act. The purpose of a habeas corpus proceeding is to determine whether a petitioner is being unlawfully detained. *Rather v. Colorado State Bd. of Parole,* 856 P.2d 860, 862 (Colo.1993). Unless a petition for habeas corpus makes a *prima facie* showing of invalid confinement and entitlement to immediate release or demonstrates a serious infringement of a fundamental constitutional right, it is "insufficient on its face" and should be dismissed without a hearing. § 13–45–101, 6A C.R.S. (1987); *White v. People,* 866 P.2d at 1373. A petitioner whose release is subject to the discretion of the parole board is not entitled to immediate release from confinement. *Rather,* 856 P.2d at 863. Moreover, the availability of habeas corpus relief is dependent on the unavailability of other remedies. *Kodama v. Johnson,* 786 P.2d 417, 419 (Colo.1990) (citing *Blevins v. Tihonovich,* 728 P.2d 732, 737 (Colo.1986) (stating that because of the availability of a quasi-judicial review of executive agency action under C.R.C.P. Rule 106(a)(4), the trial court properly dismissed a petition for habeas corpus)).

### B

◼ We now address Christensen's claim that he is entitled, under the terms of section 16–13–216 of the Sex Offenders Act, to a hearing by the parole board wherein he will be permitted to establish that he no longer poses a threat to the public. In *Trueblood v. Tinsley,* 148 Colo. 503, 366 P.2d 655 (1961), *cert. denied,* 370 U.S. 929, 82 S.Ct. 1570, 8 L.Ed.2d 507 (1962), we were faced with a similar argument. There, a convicted sex offender petitioned this court from an adverse judgment in habeas corpus proceedings, raising, among other theories, the argument that the Sex Offenders Act impermissibly conferred judicial powers, including sentencing authority, to the state parole board.

the Act.

In explaining the extent of the parole board's jurisdiction under the Act we stated:

> What the parole board does as a matter of grace [once the district court imposes a sentence under the Sex Offenders Act] does not involve the sentencing authority of the court. "A parole is a mere matter of grace, favor, or privilege, *and a prisoner is not entitled thereto as a matter of right."* 67 C.J.S. Pardons § 20, p. 604.
>
> . . . .
>
> "... The [A]ct, to the extent indicated, is but an exercise of the power of discipline possessed by the state, which it may exercise through the legislative department of the state, and confide to an instrumentality such as a board of prison commissioners." *Board of Prison Com'rs v. De Moss,* [157 Ky. 289] ... 163 S.W. 183, 187 [ (Ky. 1914) ].

*Trueblood,* 148 Colo. at 508–09, 366 P.2d at 658 (emphasis added). Hence, as we indicated in *Trueblood,* once a sex offender is sentenced to an indeterminate term under the Sex Offenders Act, the authority to make parole or release decisions rests with the parole board. *Rather v. Colorado State Bd. of Parole,* 856 P.2d 860 (Colo.1993) (holding that a petitioner is not entitled to immediate release where a determination of release is "subject to the discretion of the parole board"); *Thiret v. Kautzky,* 792 P.2d 801, 804 (Colo.1990) (noting that for those sentenced prior to July 1, 1979, the parole of inmates sentenced as sex offenders is a matter "within the *sole* discretion of the Parole Board"). *Accord Reece v. Johnson,* 793 P.2d 1152, 1153 (Colo.1990) (stating that since inmates may "seek judicial relief from alleged violations of liberty interests only in narrowly defined circumstances," short of allegations establishing "significant infringements of fundamental rights," the "venerable remedy" of the writ of habeas corpus is unavailable). In his petition, Christensen admitted that he was denied parole because he "refus[ed] sex offender treatment," but asked the district court to order a psychiatric evaluation so that he could establish that he is not a danger to the public. Because his petition did not set forth facts which, if proven, would entitle him to immediate release and he has alleged no facts showing that the parole board's denial of parole or release was unconstitutional, Christensen's petition must be dismissed.

## IV

In summary, the decision to grant parole or absolute release to an inmate incarcerated under our Sex Offenders Act to an indeterminate sentence is vested within the sound discretion of the state parole board. Under his petition and on appeal, Christensen did not allege facts showing that he was entitled to immediate release; instead he asserted only that he believes that after a hearing the parole board would exercise its discretion in a manner granting him parole or release. Upon that mere speculation, the district court did not err in denying his petition. We affirm the district court.