The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Earl S. BLACK, Defendant–Appellant.

No. 93CA0808.

Colorado Court of Appeals,
Division II.

Sept. 8, 1994.

As Modified on Denial of Rehearing
Oct. 6, 1994.

Certiorari Granted April 3, 1995.

Cross–Petition for Certiorari Denied
April 3, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Kathleen A. Lord, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge TURSI *.

Defendant, Earl S. Black, appeals from the denial of his motion for post-conviction relief pursuant to Crim.P. 35(c). We remand with directions.

Defendant was convicted in 1984 of one count of first degree sexual assault and one count of crime of violence. He was sentenced to a term of fourteen years in the Department of Corrections plus one year of parole. Based on the interpretation of the law in effect at the time he was sentenced, defendant was entitled to be released on mandatory parole upon the completion of his sentence less those periods credited for good time and earned time. *See* § 16–11–310, C.R.S. (1986 Repl.Vol. 8A); *Thiret v. Kautzky*, 792 P.2d 801 (Colo.1990). However, before his parole eligibility date arrived, the attorney general's office issued an opinion that those defendants convicted of sexual offenses were subject to discretionary rather than mandatory parole.

In August of 1989, defendant filed, *pro se*, a Crim.P. 35(c) motion alleging that he had served his entire sentence and was entitled to immediate release. He argued that the opinion from the attorney general's office was incorrect and that his parole should be mandatory. The court denied the motion, and defendant appealed. Citing *Thiret v. Kautzky, supra*, a division of this court affirmed the trial court order. *See People v. Black*, (Colo.App. No. 89CA1840, August 16, 1990) (not selected for official publication).

In February of 1993, defendant filed, through counsel, another Crim.P. 35(c) motion which raised three separate grounds in support of his request for immediate release. He maintained that his sentence violated both equal protection and due process and argued that it was illegal because a period of parole was included in the original sentence. This motion was also denied, and it is from this second denial that the defendant appeals.

## I.

In support of the trial court's ruling, the People first assert that denial of the motion was proper because it was a successive petition for relief. We disagree.

As a general rule, a defendant must raise all of his claims for post-conviction relief in one motion. *People v. Hubbard*, 184 Colo. 243, 519 P.2d 945 (1974). Moreover, contrary to the People's claim, the issues raised in defendant's second post-conviction motion had not been previously raised. Accordingly, we will consider defendant's claims.

■ Nor do we find any merit in the People's further contention that this court is without jurisdiction to consider defendant's arguments because they involve issues with respect to the constitutionality of a statute. Under the present statute governing the jurisdiction of this court, questions involving the constitutionality of a statute are now within the ambit of our authority, unless that statute has been previously declared unconstitutional. Section 13–4–102, C.R.S. (1993 Cum. Supp.).

## II.

Defendant first contends that his sentence violates equal protection guarantees. He argues that the sentencing scheme which allows for both mandatory and discretionary parole, depending upon the crime committed, unfairly treats a person who has committed a sexual assault more harshly than a person who has committed a sexual assault and another offense. Defendant claims that, in view of the supreme court ruling in *Vaughn v. Gunter*, 820 P.2d 659 (Colo.1991), it is possible for an offender who has been convicted of both attempted first degree murder and sexual assault to be released on parole at an earlier date than an offender who has committed only sexual assault. It appears that defendant is arguing both that the statute is facially unconstitutional and that it is

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.* art. VI, § 5(3), and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

unconstitutional as applied to him. Therefore, we will address both arguments.

■ Equal protection guarantees under both the United States and Colorado constitutions provide that the government must treat similarly situated individuals in a similar manner. To establish a violation of equal protection, a person must show that the allegedly offensive categorization unlawfully discriminates against the category to which the party belongs. *People v. Garberding,* 787 P.2d 154 (Colo.1990).

■ There is no prohibition against different penalties for different criminal acts, provided the classification is rationally based. The classification of crimes and punishment must reflect substantial differences having a reasonable relationship to the persons involved and the public purpose to be achieved. *People v. Montoya,* 196 Colo. 111, 582 P.2d 673 (1978).

### A.

■ The defendant's facial challenge to the statute appears to be that it creates two groups of individuals who are being treated differently. The first group is comprised of those individuals who have committed a sexual assault offense only, while the second group includes those individuals who have committed a sexual assault offense and another offense.

We disagree that the individuals in the two groups are treated differently. To the contrary, the statute impacts those individuals in the same way. The offenders in both groups are subject to discretionary rather than mandatory parole for the sexual assault offense. And, the statute does not affect the parole eligibility date of those individuals. Each offender in both groups is still eligible for parole within the periods outlined by the sentencing statutes for the offenses committed. Hence, because the statute does not create a classification that would result in unequal treatment of some of the offenders who have committed a sexual assault offense, we conclude that it is not facially unconstitutional based on equal protection grounds.

### B.

■ Defendant also argues that the statute is violative of equal protection as applied to him. Defendant premises this argument on the holdings in *Vaughn v. Gunter, supra,* and *Thiret v. Kautzky, supra,* which establish the principle that, when an offender is sentenced for two offenses, the governing sentence is the longer sentence for which he was sentenced, and the relevant parole provisions of that sentence apply to the entire composite sentence. Defendant argues that, as a result of these rulings, a sex offender with a single sentence for a sex offense is treated more harshly than a sex offender with a similar sentence for a sex offense and a longer sentence for another type of offense. He maintains that, as applied to him, this is a violation of equal protection. We conclude that remand is necessary for resolution of this argument.

In his second Crim.P. 35(c) motion defendant alleged that he was aware of several instances within the Department of Corrections in which disparate treatment of offenders had occurred. Specifically, defendant claimed that several individuals who had been convicted of both sexual assault and burglary offenses after July 1, 1979, and before July 1, 1985, received the benefits of mandatory parole because the sentence imposed for the burglary charge was longer than that imposed for the sexual assault charge. The discharge occurred even though these inmates had served less than the entire term of their sentences for the sexual assault offenses. Similarly, defendant alleged that an inmate convicted of second degree kidnapping involving sexual assault is subject to mandatory parole because the statute governing kidnapping is not considered a statute involving sexual assault.

These allegations raise material questions of fact which, if true, could provide a basis for relief on equal protection grounds. *White v. Denver District Court,* 766 P.2d 632 (Colo.1988). Because these questions of fact cannot be resolved by resort to the record, a hearing is required to address defendant's equal protection claims. *People v. Rael,* 681 P.2d 530 (Colo.App.1984). Thus, the matter must be remanded so that the trial court can

determine whether the statute at issue, as applied to this defendant, creates disparate treatment without a rational basis for such disparity.

Although we conclude that a hearing is necessary, we note that the cases cited by defendant in support of his claim that he is potentially treated more harshly than a person who has committed multiple offenses are not dispositive here. Both *Smith v. People*, 852 P.2d 420 (Colo.1993), and *People v. Montoya*, 196 Colo. 111, 582 P.2d 673 (1978), involved situations in which a harsher penalty was imposed for similar criminal conduct committed under different circumstances. In those cases, the courts concluded that because the statutes involved provided disparate penalties for similar criminal conduct, equal protection guarantees were violated. However, the facts in this case are not similar. *Cf. Rather v. Colorado State Board of Parole*, 856 P.2d 860 (Colo.1993) (when controlling sentence concerns a sexual offense, defendant not entitled to mandatory parole status until he has served the entire sentence).

*Vaughn v. Gunter, supra,* is also distinguishable. In that case the defendant received three concurrent sentences for three separate offenses and was eligible for mandatory parole on only one of those sentences. The mandatory parole eligibility was connected to the longest of the three sentences and the sentence for the offense which was committed first. It was the position of the Department of Corrections that defendant's right to mandatory parole was "nullified" by his two subsequent convictions. However, our supreme court disagreed. It concluded that because all sentences imposed on an inmate must be construed as one continuous sentence, defendant was eligible for mandatory parole under the longest of the three concurrent sentences imposed on him.

The holding in *Vaughn* relates to the factual situation present in that particular case. We cannot extend it to a case in which the defendant is not facing multiple sentences for multiple offenses. Here, the defendant did not receive one longer and one shorter sentence, but rather received one 14–year sentence. Hence, although *Vaughn* is instruc-tive with respect to parole eligibility for offenders who have committed multiple offenses and have been sentenced concurrently, it is not dispositive of defendant's claim that he has been denied equal protection as the statute is applied to him.

### III.

■ Defendant next contends that his sentence violates due process of law. He maintains that, when imposing the sentence the sentencing court believed defendant's sentence would be governed by the mandatory parole provisions in § 16–11–310, C.R.S. (1986 Repl.Vol. 8A), in effect at the time he was sentenced. Defendant argues that the court believed he would be released on parole after seven years incarceration. Therefore, defendant claims that the sentencing court had a fundamental misunderstanding of the pertinent law and that, as a result, it is a denial of due process to impose a sentence under those circumstances.

Defendant's arguments fail for several reasons. First, defendant maintains that the sentencing court believed he would be released after serving half of his sentence. Such a belief would presuppose, however, that defendant earned all of the good time and earned time to which he was entitled. The court could not possibly know at the time of sentencing whether defendant would be awarded these credits, as the award of good time and earned time credits is made by the Department of Corrections and not the courts. *Renneke v. Kautzky*, 782 P.2d 343 (Colo.1989).

The record also reveals that defendant was on probation when he committed the sex offense in this case. Accordingly, an aggravated range sentence was mandated, *see* § 18–1–105(9)(a)(III), C.R.S. (1986 Repl.Vol. 8B), and, when sentenced, defendant was sentenced for both this offense and violation of his probation for a previous forgery offense. Under these circumstances, we are not persuaded that the court clearly intended that defendant would be paroled after serving just seven years.

Furthermore, our supreme court has determined that the holding in *Thiret v. Kautzky, supra,* was foreseeable. Hence, defendant had fair warning of the interpretation given the statute by the court. *Aue v. Diess-*

*lin,* 798 P.2d 436 (Colo.1990). His argument, therefore, that the court believed he would be eligible for mandatory parole after serving half of his sentence is not persuasive. And, the record does not support defendant's claim that the court's reasoning in imposing the sentence here included the fact that defendant would be released on mandatory parole after a certain number of years. Although the parties recognized this as a possibility, there is no indication that this was a determining factor in the sentencing decision.

Moreover, our criminal statutes do not create a constitutionally protected expectation of release at a certain time. To the contrary, our statutes provide that the parole board has the sole discretion for determining when a prisoner is entitled to release on parole. Hence, prisoners are not entitled to constitutional protections based on an expectation of release before the expiration of a valid sentence. *Andretti v. Johnson,* 779 P.2d 382 (Colo.1989). Accordingly, we find no due process violation in the sentence imposed here.

### IV.

Defendant's final contention is that his sentence is illegal because he received a sentence which included a period of parole that the court treated as mandatory. However, we note that the trial court amended the sentence by deleting the one year of parole, and thus, any illegality arising therefrom has been negated.

The cause is remanded for considerations of defendant's equal protections claims consistent with the views expressed herein. If the trial court determines that the sentence does not reflect a denial of equal protection, then defendant's sentence stands affirmed, subject only to defendant's right to appeal that holding. If the court determines that defendant was denied equal protection, then it should order his immediate release, subject only to the People's right to appeal that order.

CRISWELL and MARQUEZ, JJ., concur.

